UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINCOLN ANDERSON WATKINS,

        Petitioner,

v.                                                CASE NO. 16-11348
                                                HON. DENISE PAGE HOOD

JEFFREY WOODS,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION TO ALLOW A LATE MOTION FOR RECONSIDERATION (Docket No. 15) AND DENYING THE MOTION FOR RECONSIDERATION (Docket No. 16)

This is a *pro se* habeas corpus case under 28 U.S.C. § 2254. The habeas petition, filed on April 8, 2016, challenged Petitioner's state convictions for four counts of first-degree criminal sexual conduct, *see* Mich. Comp. Laws § 750.520b(1)(a), and one count of second-degree criminal sexual conduct, *see* Mich. Comp. Laws § 750.520c(1)(a). Respondent Jeffrey Woods moved to dismiss the habeas petition on the ground that the petition was not filed before the expiration of the one-year statute of limitations. On February 28, 2017, the Court granted Respondent's motion and closed this case. Currently pending before the Court are Petitioner's motion for reconsideration and motion for leave to file an untimely motion for reconsideration.

**I. The Motion for Permission to File a Late Motion for Reconsideration**

Pursuant to this District's Local Rules, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." LR 7.1(h)(1) (E.D. Mich. July 1, 2013). On February 28, 2017, the Court issued its opinion and judgment closing this case, and on March 20, 2017, Petitioner signed and dated his motion for reconsideration. Because the motion was submitted for filing more than 14 days after the Court issued its dispositive opinion and judgment, the motion is untimely.

Petitioner alleges, however, that he inquired about the status of his case in early March, that he received a copy of the docket sheet on March 16, 2017, and that on March 17, 2017, he received the Court's dispositive opinion. He signed and dated his motion for reconsideration just 3 days later. Given the delay in Petitioner's receipt of the Court's dispositive opinion and his prompt response to the opinion once he received it, the Court believes that Petitioner should be permitted to move for reconsideration. The Court therefore grants Petitioner's Motion to Allow Late Filing of the Motion for Reconsideration (docket no. 15).

## II. The Motion for Reconsideration

Petitioner seeks to have the Court reconsider its dispositive opinion and rule that he filed his habeas petition in a timely manner. This Court's Local Rule on motions for reconsideration provides that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely

> present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Petitioner disagrees with the Court's factual finding that he did not apply to the United States Supreme Court on direct review of his convictions. Petitioner alleges that he filed a motion for reconsideration in the Michigan Supreme Court during post-conviction proceedings, and after the Michigan Supreme Court denied reconsideration, he filed a petition for the writ of certiorari in the United States Supreme Court. Petitioner argues that, because the motion for reconsideration raised a Fifth Amendment claim which Petitioner previously asserted on direct appeal, the motion and subsequent petition for writ of certiorari were part of the direct appeal, not the state collateral proceedings.

Under Petitioner's analysis, his habeas petition would be timely, because it would extend his direct appeal to February 29, 2016, when the United States Supreme Court denied Petitioner's application for a writ of certiorari. The record before the Court, however, indicates that the purported motion for reconsideration in the Michigan Supreme Court was actually a motion to revisit Petitioner's Fifth Amendment claim on the basis that he had newly discovered evidence to support the claim. *See People v. Watkins*, No. 149336, "Motion to Revisit 5th Amendment

Claim Raised in Defendant's 2012 Application for Leave to Appeal . . . ," ECF No. 9-56 at 66, Pg ID 2638. In his caption for the motion, Petitioner used the case number assigned to the state supreme court on collateral review, as opposed to the case number assigned to the state supreme court on direct review. *See id.* The Michigan Supreme Court treated the motion as part of the state collateral appeal, not the direct appeal, and then denied the motion. *See People v. Watkins*, 497 Mich. 903; 856 N.W.2d 38 (2014). Given these facts, the Court concludes that Petitioner's Motion to Revisit his Fifth Amendment Claim was not part of the direct appeal, and it did not delay the start of the limitations period.

Petitioner argues next that the Court unfairly and incorrectly assumed he was able to pursue his rights even though state officials lost his legal materials. The record, however, supports the Court's conclusion that Petitioner was able to pursue his rights in state court despite the alleged interference by state officials. And Petitioner conceded in his response to Respondent's Motion to Dismiss that he had acquired much of his missing legal property by the beginning of 2016. The Court therefore declines to reconsider its ruling that Petitioner was not entitled to a delayed start of the limitations period.

Finally, Petitioner argues that he is entitled to summary judgment because the State did not handle his incoming mail in a timely manner and because the State has repeatedly interfered with the judicial process. Even if the State

prevented Petitioner from receiving his mail in a timely manner, Petitioner has failed to show that this interfered with his ability to file a timely habeas petition. The Court therefore declines to reconsider its judgment.

### III. Conclusion and Order

Petitioner is entitled to file a motion for reconsideration, but he has failed to show that the Court made a palpable error in its opinion and order dismissing the habeas petition as time-barred. The Court therefore grants Petitioner's Motion to Allow a Late Filing of the Motion for Reconsideration (Docket No. 15), but denies Petitioner's Motion for Reconsideration of the Court's opinion and judgment dismissing his habeas petition (Docket No. 16).

                           S/Denise Page Hood
                           Denise Page Hood
                           Chief Judge, United States District Court

Dated: May 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2017, by electronic and/or ordinary mail.

                           S/LaShawn R. Saulsberry
                           Case Manager