UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LINCOLN ANDERSON WATKINS,

          Petitioner,

v.                                     CASE NO. 16-11348
                                   HONORABLE DENISE PAGE HOOD
JEFFREY WOODS,

          Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(b)(1)
TO CORRECT MISTAKE ARISING FROM OVERSIGHT
AND/OR OMISSION IN JUDGMENT (Docket No. 22)  AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

## I. Introduction

In 2009 petitioner Lincoln Anderson Watkins was convicted of four counts of first-degree criminal sexual conduct, *see* Mich. Comp. Laws § 750.520b(1)(a), and one count of second-degree criminal sexual conduct, *see* Mich. Comp. Laws § 750.520c(1)(a).  The trial court sentenced Petitioner to concurrent terms of twenty-five to forty years in prison for each of the first-degree criminal-sexual-conduct convictions and ten to fifteen years in prison for the second-degree criminal-sexual-conduct conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Watkins*, No. 291841 (Mich. Ct. App. Oct. 5, 2010), and the Michigan Supreme Court affirmed the judgment of the Michigan Court of

Appeals. *See People v. Watkins*, No. 142031 (Mich. Sup. Ct. July 26, 2012) (Docket No. 9-41, Page ID 2078). On July 26, 2012, the State Supreme Court denied Petitioner's motion for rehearing. *See People v. Watkins*, 492 Mich. 859; 817 N.W.2d 111 (2012).

In 2013 Petitioner filed a motion for an evidentiary hearing based on newly discovered evidence. The trial court treated the motion as a motion for new trial and denied the motion. *See People v. Watkins*, No. 06-008116-01-FC (Wayne Cty. Cir. Ct. Feb. 21, 2013). The Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Watkins*, No. 316010 (Mich. Ct. App. Oct. 30, 2013). At Petitioner's request, the Court of Appeals reissued its decision on February 27, 2014.

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court and a separate motion to have the Michigan Supreme Court revisit a Fifth Amendment claim that Petitioner raised in his 2012 application for leave to appeal. On November 25, 2014, the Michigan Supreme Court denied Petitioner's application for leave to appeal on the basis that Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). In the same order, the Michigan Supreme Court denied Petitioner's motion to revisit his Fifth Amendment claim. *See People v. Watkins*, 497 Mich. 903; 856 N.W.2d 38 (2014).

Petitioner moved for reconsideration, but the Michigan Supreme Court denied the motion for reconsideration on May 28, 2015. S*ee People v. Watkins*, 497 Mich. 1031; 863 N.W.2d 45 (2015). Petitioner subsequently applied for a writ of certiorari in the United States Supreme Court, which denied his application on February 29, 2016. *See Watkins v. Michigan*, 136 S. Ct. 1174 (2016).

On April 8, 2016, Petitioner commenced this action by filing a *pro se* habeas corpus petition. *See* Docket No. 1. Respondent Jeffrey Woods moved to dismiss the petition on the ground that Petitioner had failed to comply with the one-year statute of limitations. *See* Docket No. 8. On February 28, 2017, the Court granted Respondent's motion and dismissed the petition as untimely. *See* Docket No. 13.

Petitioner moved for reconsideration on the basis that the Court erred when it concluded in its dispositive opinion that his motion to have the Michigan Supreme Court revisit his Fifth Amendment claim and his petition for a writ of certiorari were part of his state collateral appeal. Petitioner argued that, because the state-court motion raised a Fifth Amendment claim which he previously asserted on direct appeal, the motion and subsequent petition for writ of certiorari were part of the direct appeal. *See* Docket No. 16.

Before the Court could address Petitioner's motion for reconsideration, he appealed the Court's dispositive opinion. *See* Docket No. 18. This Court subsequently denied Petitioner's motion for reconsideration, *see* Docket No. 21,

and on June 20, 2017, Petitioner filed his "Motion to Correct Mistake Arising from Oversight and/or Omission Found in Judgment, Per Rule 60." *See* Docket No. 22. Finally, on September 28, 2017, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability regarding this Court's dispositive opinion. *See* Docket No. 23.

## II. Discussion

Petitioner brings his pending motion under Federal Rule of Civil Procedure 60(b)(1), which allows a party to seek relief from a final judgment and request reopening of his case on the basis of "mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit Court of Appeals has "held that 'a Rule 60(b)(1) motion is intended to provide relief . . . when the judge has made a substantive mistake of law or fact in the final judgment or order.' " *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Petitioner contends that the Court erred when it concluded in its previous order that his motion in the Michigan Supreme Court to revisit his Fifth Amendment claim was part of his state collateral appeal, not his direct appeal. He maintains that his state-court motion was part of his direct appeal.

Petitioner's appeal to the Michigan Supreme Court followed the trial court's denial of Petitioner's post-conviction motion, which was based on newly

4

discovered evidence. Petitioner used the case number assigned to his case on state collateral review (149336) when he filed his application for leave to appeal in the Michigan Supreme Court and his motion to have the Michigan Supreme Court revisit his Fifth Amendment claim. The Michigan Supreme Court used the same case number (149336), as opposed to the direct appeal case number, in its order denying Petitioner's application for leave to appeal and his motion to revisit the Fifth Amendment claim. *See People v. Watkins*, 497 Mich. 903; 856 N.W.2d 38 (2014).

Given these facts, the Court does not believe it made a substantive error of fact when it concluded that Petitioner's motion in the Michigan Supreme Court to revisit his Fifth Amendment claim was a continuation of Petitioner's state collateral appeal and not his direct appeal. The Sixth Circuit Court of Appeals, in fact, recently agreed with this Court that Petitioner stopped pursuit of his direct appeal after the Michigan Supreme Court denied his motion for rehearing on July 26, 2012. The Sixth Circuit also concluded that the habeas petition was untimely. *See Watkins v. Woods*, No. 17-1388 (6th Cir. Sept. 28, 2017) (unpublished).[1]

Although Petitioner argues that the Court should take into consideration the fact that he was pursuing state collateral remedies without the help of an attorney, the record indicates that he is versed in the law and capable of performing legal

---

[1] The Sixth Circuit's order appears as docket number 23 in this case.

research by computer. *See, e.g.,* Petitioner's Affidavit in Support of Motion to Revisit Fifth Amendment Claim, Docket No. 9-56, Page ID 2659 (indicating that Petitioner found a number of court decisions when the Michigan Department of Corrections provided prisoners with access to computers that allowed them to review unpublished decisions). The Court concludes that Petitioner's *pro se* status is not a basis for reversing the Court's prior decision. The Court, therefore, denies Petitioner's Rule 60(b)(1) Motion to Correct Mistake Arising from Oversight and/or Omission (Docket No. 22).

To the extent a certificate of appealability is necessary to appeal this decision, the Court notes that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant must show that reasonable jurists could debate whether the pleading could have been resolved differently or that the claims raised deserve further review. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (citing *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003)). Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists could not debate whether his motion could have been resolved differently or whether his argument deserves further review. The Court, therefore, declines to

issue a certificate of appealability.

                                  <u>S/Denise Page Hood</u>
                                  Denise Page Hood
                                  Chief Judge, United States District Court

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2018, by electronic and/or ordinary mail.

                                  <u>S/LaShawn R. Saulsberry</u>
                                  Case Manager